AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>Kemar Richard Clarke,<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>) | Case No. 13-8377-WM |

FILED by _ig_ D.C.
AUG 2 3 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of ___August 8, 2013___ in the county of ___Palm Beach___ in the
___Southern___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Illegal re-entry after deportation. |

This criminal complaint is based on these facts:

See attached affidavit of United States Department of Homeland Security, Homeland Security Investigations (HSI), Special Agent Johanna D. Baquerizo.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

HSI Special Agent Johanna D. Baquerizo
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___08/23/2013___

_____
*Judge's signature*

City and state: ___West Palm Beach, Florida___      U.S. Magistrate Judge William Matthewman
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF KEMAR R. CLARKE CRIMINAL COMPLAINT

I, Johanna D. Baquerizo, a Special Agent (S/A) of the United States Department of Homeland Security, Homeland Security Investigations (HSI), Office of the Assistant Special Agent in Charge, West Palm Beach, Florida, being duly sworn, depose and state as follows:

1. I am a Special Agent with Homeland Security Investigations (HSI), U.S. Immigration and Customs Enforcement (ICE), and have been duly employed in this position since July 2011. Prior to July 2011, I was employed by ICE as a student trainee since April 2009. I received a Bachelor of Arts in Criminal Justice from Florida Atlantic University in 2010.

2. As a Special Agent with the United States Immigration and Customs Enforcement, my duties and responsibilities include conducting criminal investigations of individuals and businesses who have violated federal laws, particularly those laws as found in Titles 8, 18, 19, and 21 of the United States Code. I was hired by the U.S. Department of Homeland Security as a Special Agent and received training at the United States Immigration and Customs Enforcement Academy. My training includes 23 weeks at the Criminal Investigator School, Federal Law Enforcement Training Center, Glynco, Georgia.

3. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to support a federal criminal complaint charging Kemar Richard CLARKE (YOB: 1979) with violating Title 8, United States Code, Sections 1326(a) and (b)(1), that is, with being a previously deported alien who thereafter enters or attempts to enter the United States, and whose order of deportation followed a conviction for a felony.

-2-

4. On August 8, 2013, Marine Interdiction Agents (MIA) of a Customs and Border Protection Office of Air and Marine Unit (CBP OAM) who were operating marine interdiction vessel M-772 responded to assist a distressed vessel call that had been received earlier that day. The vessel was identified as a 26-foot "go-fast" style vessel, white in color, bearing Florida registration number FL6930NY. CBP OAM MIA located the vessel approximately 10 miles offshore of Palm Beach County, Florida at 26.43N 079.51W, within the territorial waters of the United States. CBP OAM MIA observed five (5) individuals on deck of the vessel FL6930NY. CBP OAM personnel identified themselves as law enforcement officers and boarded the vessel.

5. Upon boarding and searching the vessel, CBP OAM personnel observed an unknown number of individuals hiding in the forward compartment of the vessel. The vessel did not contain life preservers for the individuals. CBP OAM MIA immediately provided 15 lifejackets to the individuals. Due to amount of persons onboard and the sea conditions, five (5) individuals were transferred to CBP OAM vessel M772. One of the persons encountered aboard the vessel was later identified as Kemar Richard CLARKE."

6. At approximately 1145 hours on August 8, 2013, United States Coast Guard (USCG) vessel 45625 arrived on scene. CBP OAM MIA transferred the ten (10) remaining individuals onto USCG vessel 45625. USCG Boarding Officer, Christopher Susko, asked the subjects where they were headed, and one of the individuals onboard the vessel stated that they were going to West Palm Beach. CBP OAM MIA and Coast Guard officers searched for documents on the individuals and found that none of the individuals had documents allowing them to enter or to be in the United States legally. According to USCG and CBP OAM personnel none of the individuals requested to be returned to the Bahamas – their stated point of

departure. All individuals were taken to USCG Lake Worth Inlet Station for administrative processing where HSI Special Agents responded.

7. During administrative processing it was discovered that Kemar Richard CLARKE had a criminal and immigration history in the United States. A review of CLARKE's records was conducted.

8. On or about August 19, 2013, your affiant received the immigration alien file assigned to Kemar Richard CLARKE. Records within the alien file assigned to CLARKE (A# 045882453) show that he is a native and citizen of Jamaica. Records further show that on or about November 13, 2001, Kemar Richard CLARKE was ordered removed from the United States. The Order of Removal was executed on or about January 12, 2002, whereby CLARKE was removed from the United States to Jamaica. Thereafter, CLARKE re-entered into the United States illegally on November 27, 2003, and was removed for the second time on August 12, 2004.

9. Records further show that, on or about May 30, 2000, in the Superior Court of the State of Connecticut, CLARKE was convicted of the sale of illegal drugs in docket number 542679. Records also show that, on or about February 12, 2004, in the United States District Court for the Eastern District of New York, Court File Number 1:03-CR-01365-DGT, CLARKE was convicted of Forgery or False use of Passport and sentenced to time served.

10. Border Patrol Fingerprint Expert John Solek conducted a fingerprint comparison in this case. The fingerprint comparison confirmed that the individual encountered on or about August 8, 2013, that is, Kemar Richard CLARKE, was the same person previously removed from the United States on or about January 12, 2002 and again on or about August 12, 2004.

11. On or about August 16, 2013, your affiant received the Certificate of Nonexistence of Records pertaining to Alien File Number A045882453 for the alien identified as Kemar Richard CLARKE, verifying that, after a diligent search, no record was found to exist indicating that Kemar Richard CLARKE had obtained consent from either the Attorney General of the United States or the Secretary of the Department of Homeland Security for re-admission into the United States as required by law.

12. Based on the foregoing, your affiant avers that there exists probable cause to believe that, on or about August 8, 2013, Kemar Richard CLARKE, an alien who had previously been deported and removed from the United States, re-entered and attempted to re-enter the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

FURTHER AFFIANT SAYETH NOT.

_____
Johanna Baquerizo
Special Agent
Immigration and Customs Enforcement

Subscribed and sworn to before me
this 23rd day of August, 2013.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 13-8377-WM

UNITED STATES OF AMERICA

vs.

KEMAR RICHARD CLARKE,

        **Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

BY: _____
     A. MARIE VILLAFAÑA
     ASSISTANT UNITED STATES ATTORNEY
     Florida Bar No. 0018255
     500 S. Australian Avenue, Suite 400
     West Palm Beach, FL 33401-6235
     Tel: (561) 820-8711
     Fax: (561) 820-8777
     Ann.Marie.C.Villafaña@usdoj.gov